From the ruling of the Superior Court the defendant appeals, assigning errors.

*Jones & Fisher for plaintiff.*
*Roberson, Haworth & Reese for defendant.*

PER CURIAM. The Court being evenly divided in opinion, *Clarkson, J.,* not sitting, the judgment of the Superior Court is affirmed and stands, according to the uniform practice of appellate courts, as the decision in this case, without becoming a precedent. *Com. Co. v. Mfg. Co.,* 201 N. C., 823, 159 S. E., 411; *Raynor v. Ins. Co.,* 193 N. C., 385, 137 S. E., 137; *Jenkins v. Lbr. Co.,* 187 N. C., 864, 123 S. E., 82; *Miller v. Bank,* 176 N. C., 152, 96 S. E., 977; *Durham v. R. R.,* 113 N. C., 240, 18 S. E., 208.

Affirmed.

MARY CARTER LONG v. THE METROPOLITAN LIFE INSURANCE COMPANY.

(Filed 26 June, 1935.)

APPEAL by plaintiff from *Pless, J.,* at February Term, 1935, of ROCKINGHAM. Affirmed.

This is an action to recover on a certificate issued by the defendant to Clarence B. Carter, the deceased husband of the plaintiff, under the provisions of a group policy of insurance issued by the defendant to the Riverside and Dan River Cotton Mills, of Danville, Virginia, insuring its employees.

At the date of the issuance of the certificate, to wit: 18 August, 1927, Clarence B. Carter was an employee of the Riverside and Dan River Cotton Mills. He ceased to be an employee of said Cotton Mills on or about 23 May, 1930, and died on 6 March, 1933. The plaintiff is the beneficiary named in the certificate. She brought this action in the Superior Court of Rockingham County, North Carolina, on 21 March, 1934, and alleged in her complaint that under the provisions of the certificate the defendant is indebted to her in the sum of $800.00, with interest on said sum from 6 March, 1933.

In its answer the defendant alleged, among other things, that Clarence B. Carter, after he had ceased to be an employee of the Riverside and Dan River Cotton Mills, brought an action against the defendant in the corporation court of the city of Danville, Virginia, to recover on the certificate sued on in this action, and that a final judgment was rendered

in said action that the said Clarence B. Carter was not entitled to recover of the defendant on said certificate. The defendant alleged that the plaintiff in this action is estopped to recover of the defendant on said certificate by the judgment in the action brought by Clarence B. Carter against the defendant in the corporation court of the city of Danville.

At the trial of the action, on the facts found by the court from evidence offered by both the plaintiff and the defendant, it was adjudged that plaintiff is estopped by the judgment of the corporation court of the city of Danville from recovery on the certificate sued on in this action.

The action was dismissed, and plaintiff appealed to the Supreme Court.

*P. T. Stiers for plaintiff.*
*Smith, Wharton & Hudgins for defendant.*

PER CURIAM. There was no error in the trial of this action. The judgment dismissing the action is

Affirmed.

---

MARY J. MALPHURS, ADMINISTRATRIX, v. T. S. ELLINGTON ET AL.

(Filed 18 September, 1935.)

APPEAL by plaintiff from *Harding, J.,* at January Special Term, 1935, of MECKLENBURG.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the neglect, default, or wrongful act of the defendant, when the cart in which plaintiff's intestate was riding was struck by an automobile owned by the defendant T. S. Ellington, and operated at the time by his son, John Ellington.

The jury returned the following verdict:

"1. Was the plaintiff's intestate killed by the negligence of the defendant, as alleged? A. 'Yes.'

"2. Did the plaintiff's intestate, by his own negligence, contribute to his death, as alleged in the answer? A. 'Yes.' "

Judgment on the verdict for defendants, from which plaintiff appeals, assigning errors.

*J. D. McCall, G. T. Carswell, and Joe W. Ervin for plaintiff.*
*J. Laurence Jones and Plummer Stewart for defendants.*